UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

AZGAR SHAIKHUTDINOV, and
GUILLIARIIA SHAIKHUTDINOVA,
*Representatives of the Estate of*
Adel A. Shaikhutdinov,

      Plaintiffs,

v.                                                                                                  CIVIL ACTION NO.  5:23-cv-00653

JOSHUA SMITH, *an individual*,
and HIGH FREQUENCY FREIGHT, LLC,
*a Kentucky Limited Liability Company,*

      Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Joshua Smith and High Frequency Freight, LLC's ("High Frequency") Motion to Dismiss [ECF 6], filed October 24, 2023. Plaintiffs Azgar Shaikhutdinov and Gulliariia Shaikhutdinova, Representatives of the Estate of Adel A. Shaikhutdinov responded in opposition on November 3, 2023. [ECF 13].

I.

On February 3, 2022, Adel was traveling through West Virginia heading northbound on Interstate 77 ("I-77"). [ECF 1 ¶ 10]. Adel was driving a 2020 Dodge Ram 3500 pickup truck with a 2021 black Freedom box trailer in tow. [*Id.*]. Near mile marker 18.5 in Mercer County, Adel accessed the right shoulder due to a mechanical issue with the trailer. [*Id.* ¶ 11]. Adel

exited the vehicle and discovered a front axle problem. [*Id.* ¶ 12]. He began removing a tire to facilitate a repair. [*Id.* ¶ 13].

On January 31, 2022, Juergen Wagoner, a High Frequency representative, rented a box truck ("Budget truck") to be used as a temporary substitute vehicle for High Frequency. [ECF 1 ¶ 8]. High Frequency is an interstate carrier for general freight. [*Id.* ¶ 4]. Mr. Smith, an employee of High Frequency, drove the Budget truck off the right side of the interstate, violently striking Adel and damaging his truck. [*Id.* ¶¶ 13–14]. Mr. Smith neither stopped nor reported the accident. [*Id.* ¶ 15]. He instead continued northbound on I-77, stopping only briefly to check the Budget truck for damage. [*Id.* ¶ 15–16]. Adel sustained multiple, serious injuries, including open wounds, multiple broken bones, and an open-skull fracture. [*Id.* ¶ 23]. He later succumbed to his injuries.

Other truck drivers witnessed Adel lying injured on the shoulder and Mr. Smith stopping to check the Budget truck for damages. [*Id.* ¶ 17]. As a result, the West Virginia State Police stopped Mr. Smith. [*Id.* ¶ 18]. He denied involvement. [*Id.* ¶ 19]. He was instructed by High Frequency to complete his deliveries. [*Id.* ¶ 22]. The Budget truck was returned to the rental site on February 7, 2022. [*Id.*].

The West Virginia State Police investigation found Mr. Smith acted negligently or recklessly. [*Id.* ¶ 20]. He was charged with "operating the Budget truck off the traveled portion of I-77 causing property damages and personal injury/death; hit and run; leaving the scene; and failing to report the crash." [*Id.* ¶ 24].

On September 29, 2023, Plaintiffs instituted this wrongful death action pursuant to *West Virginia Code* § 55-7-6. They allege diversity jurisdiction under 28 U.S.C. § 1332(a). On

October 24, 2023, Mr. Smith and High Frequency answered and filed the instant Motion to Dismiss. The matter is ready for adjudication.

## II.

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*, 550 U.S. at 562-63); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. North Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned,

3

the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570. The Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also S.C. Dep't of Health & Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

Mr. Smith and High Frequency move to dismiss the punitive damages claim alleged in Count Three.[1] They cite four grounds, specifically (1) Plaintiffs have not alleged facts amounting to malice, (2) Plaintiffs have not alleged facts amounting to a conscious, reckless, and outrageous indifference to health, safety, and welfare proximately causing harm, (3) Plaintiffs' post-collision factual allegations do not entitle them to punitive damages, and (4) Plaintiffs have not alleged High Frequency authorized or ratified Mr. Smith's conduct.

**A. Actual Malice or Conscious, Reckless and Outrageous Indifference**

---

[1] As has been stated -- time and again -- for decades -- by courts far and wide in our state -- punitive damages are not a separate claim for relief. *See, e.g., Miller v. Carelink Health Plans, Inc.* 82 F. Supp. 2d 574, 579 n.6 (S.D. W. Va. 2000) (citing *Cook v. Heck's Inc.*, 176 W. Va. 368, 342 S.E.2d 453, 461 n.3 (W. Va. 1986)); *Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18CV154, 2019 WL 3304814, at *4 (N.D.W. Va. July 23, 2019). It is disappointing, and puzzling, that pleaders persist in using this pointless and repudiated technique.

West Virginia law permits punitive damages "if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a); Syl. Pt. 7, *Bradley v. Dye*, 247 W. Va. 100, 875 S.E.2d 238, 239 (2022) (quoting Syl. Pt. 12, *Jordan v. Jenkins*, 245 W. Va. 532, 859 S.E.2d 700 (2021)).

Plaintiffs allege that "[d]ue to the negligent and reckless conduct of Defendant Smith . . . he caused the Budget truck to violently strike Adel . . . . Additionally, Defendant Smith negligently and recklessly caused the Budget truck to strike and damage the driver's side mirror of the truck Adel had been driving." [ECF 1 ¶ 14]. Plaintiffs assert that Mr. Smith did not immediately stop after hitting Adel, nor did he report the accident. [*Id.* ¶ 15]. Plaintiffs allege Mr. Smith knew he hit Adel's truck and stopped to check damage to the Budget truck. [*Id.* ¶ 16]. Plaintiffs allege the failure to render aid and report the mishap caused Adel to suffer physical pain, mental anguish, and emotional distress prior to his death. [Id. ¶ 29]. Plaintiffs allege Mr. Smith also falsely denied his involvement to law enforcement. [*Id.* ¶19]. Further, Plaintiffs allege High Frequency directed Mr. Smith to continue driving. [*Id.* ¶ 22]. Plaintiffs also contend "[b]oth Defendant Smith and Defendant High Frequency through its representatives continue to deny and lie about Defendant Smith's involvement in the crash as well as the injuries and the ultimate wrongful death of Adel." [*Id.* ¶ 21].

Plaintiffs are required to plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678. They have done so.

**B. Factual Allegations Following the Collision Are Not Grounds for Punitive Damages**

Defendants next contend the proximate cause of any harm was the alleged collision; they add that any actions by them thereafter cannot support punitive damages. They are incorrect. As noted, Plaintiffs quite properly allege reckless and intentional wrongdoing following the collision inasmuch as Mr. Smith failed to stop and render aid resulting in pain and suffering, mental anguish, and emotional distress. Further, as noted, High Frequency directed him to continue his deliveries despite the mishap. Viewed in the light most favorable to the Plaintiffs, this and other post-accident misconduct supports the award of punitive damages.

**C. High Frequency Authorization or Ratification of Mr. Smith's Conduct**

"An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable." Syl. Pt. 7, *Roof Serv. of Bridgeport, Inc. v. Trent*, 244 W. Va. 482, 854 S.E.2d 302, 306 (2020) (quoting Syl. Pt. 3, *Musgrove v. Hickory Inn, Inc.*, 168 W.Va. 65, 281 S.E.2d 499 (1981)). "If a master knowingly employs or retains a careless and incompetent servant, he thereby impliedly authorizes or ratifies his negligent acts, committed in the course of his employment, and, if the servant's negligence is wanton and willful or malicious, the master is liable for exemplary or punitive damages." Syl. Pt. 2 *Addair v. Huffman*, 156 W. Va. 592, 593, 195 S.E.2d 739, 740 (1973) (quoting Syl. Pt. 4, *Hains v. Parkersburg, Marietta & Interurban Ry. Co.*, 75 W.Va. 613, 84 S.E. 923 (1915)).

Defendants admit Mr. Smith was acting within the scope of his employment when operating the Budget truck. [ECF 2 ¶ 9]. As noted, Plaintiffs further allege Mr. Smith continued

his post-collision travels and deliveries at High Frequency's direction. [ECF 1 ¶ 22].

The allegations support the claim High Frequency approved of Mr. Smith's conduct.

### IV.

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss [ECF 6].

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER: February 6, 2024

Frank W. Volk
United States District Judge