# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

AZGAR SHAIKHUTDINOV, and
GUILLIARIIA SHAIKHUTDINOVA,
*Representatives of the Estate of*
Adel A. Shaikhutdinov,

      Plaintiffs,

v.                                           CIVIL ACTION NO. 5:23-cv-00653

JOSHUA SMITH, *an individual*,
and HIGH FREQUENCY FREIGHT, LLC,
*a Kentucky Limited Liability Company,*

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Joshua Smith's Motion to Stay Civil Proceedings Pending Resolution of Criminal Proceedings [ECF 39], filed March 1, 2024. High Frequency Freight, LLC ("High Frequency"), objected to Mr. Smith's motion [ECF 45] on March 8, 2024. Plaintiffs Azgar Shaikhutdinov and Gulliariia Shaikhutdinova, Representatives of the Estate of Adel A. Shaikhutdinov, responded in opposition to Mr. Smith's motion on March 8, 2024. The matter is ready for adjudication.

## I.

On September 29, 2023, Plaintiffs instituted this wrongful death action pursuant to *West Virginia Code* section 55-7-6 asserting diversity jurisdiction. Plaintiffs allege the negligent and reckless conduct of Mr. Smith caused the Budget truck he was operating to strike and kill Adel. Additionally, Plaintiffs contend that High Frequency directed Mr. Smith to continue driving.

## II.

Our Court of Appeals has not identified a particular test when deciding whether to stay civil actions pending criminal proceedings. *Doe v. City of Gauley Bridge*, No. 2:21-CV-00491, 2022 WL 16554698, at *2 (S.D.W. Va. Oct. 31, 2022) (Johnston, J.). The following factors should be considered when ascertaining whether to stay a civil action:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527, 530 (S.D.W. Va. 2005) (Copenhaver, J.) (citing *Keating v. OTS*, 45 F.3d 322, 325 (9th Cir. 1995); *see also Doe*, 2022 WL 16554698, at *2 (applying the factors set forth in *Ashworth*). "The court in *Ashworth* considered, in addition to these five factors, the 'relatedness' of the criminal and civil proceedings, asking whether they 'involve substantially similar issues.'" *Doe*, 2022 WL 16554698, at *2 (citing *Ashworth* 229 F.R.D. at 531); *see also Blanda v. Martin & Seibert, L.C.*, No. CV 2:16-0957, 2017 WL 63027, at *3 (S.D. W. Va. Jan. 5, 2017) (Copenhaver, J.) (applying the same six factors).

## III.

Respecting the first factor, Plaintiffs correctly note any delay in the prosecution of this matter as to Mr. Smith will delay discovery as to High Frequency. As to the second factor, Mr. Smith is not the sole defendant. High Frequency would be prejudiced if the stay was permitted, as Mr. Smith is alleged to have been driving the Budget truck at the direction of High Frequency. In lieu of the relief sought by Mr. Smith, reasonable protections may be established by the parties

to preserve his Fifth Amendment rights. The third factor weighs against relief, inasmuch as the stay would result in two separate schedules for the co-Defendants in this matter. The fourth factor is neutral. The fifth factor weighs in favor of the speedy resolution of both the civil and criminal trial. However, the sixth factor of relatedness weighs in favor of relief as the criminal action involves substantially similar issues to those alleged in the instant civil action.

IV.

Accordingly, the Court **DENIES** Mr. Smith's Motion to Stay Civil Proceedings Pending Resolution of Criminal Proceedings [**ECF 39**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to counsel of record and any unrepresented party.

ENTER: April 25, 2024

Frank W. Volk
United States District Judge